

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bill S. Watkins
County Attorney
Llano County
Llano, Texas

Dear Sir:

Opinion No. 0-4023
Re: Can money received from the
Board of County and District
Road Indebtedness be divided
among the four commissioners'
precincts, and related ques-
tions?

Your letter of September 20, 1941, requesting an
opinion of this department on the questions stated herein,
reads in part as follows:

"Llano County has recently received from
the Board of County and District Road Bond In-
debtedness approximately $6,000.00 which the
Commissioners' Court has elected to expend
'(b) for the construction or improvement of
county lateral roads'.

"The Commissioners' Court inquired of the
writer the following:

"(1) Can this money be divided among the
four commissioners precincts?

"(2) If such a division is legal, should
it be divided equally or in compliance with
the provisions of Article 6740?

"(3) If the money can not be legally di-
vided among the different precincts, how should
it be expended?

"I advised the Court that, in my opinion,
this money could not be divided and prorated to

Honorable Bill S. Watkins, Page 2

the different precincts. Article 6674q-7
(V. A. S., Supplement, page 69, paragraph
3) provides in part: 'Whereupon, said
Board shall remit said money, or the part
thereof to be utilized for such purpose,
to the County Treasurer of such county,
said money to be deposited by the County
Treasurer in accordance with the law, and
the same shall be utilized by the county,
acting through the Commissioners Court, for
the construction of lateral roads.'

"Both the Court of Civil Appeals and
the Supreme Court in the case of Shivers V
Stovall, 75 S. W. (2) 276; 103 S. W. (2)
363 and 114 S. W. (2) 302 have construed
article 6740 which deals with the expendi-
ture of the road and bridge fund but Judge
German said 'As to that portion of automo-
bile registration fees retained by Van
Zandt County, article 6675a-10 Vernon's
Ann. Civ. St., expressly provides how same
shall be expended, and for that reason it
is obvious that article 6740 has no appli-
cation to same'.

"It is the opinion of the writer that
the method of expenditure of funds received
from the Board of County and District Road
Bond Indebtedness is provided by Article
6674q-7 just the same as article 6675a-10
provides for the expenditure of automobile
registration money.

"My answer to their first question ans-
wered their second question; and I answered
their third question by advising the Court
that in my opinion this money, in the words
of the statute 'should be utilized by the
county, acting through the commissioners
court for the construction of lateral roads.'
It seems to me that the legislature meant by
those words and the two paragraphs of the
act that follow same, that the Commissioners
Court sitting as a whole should decide which

Honorable Bill S. Watkins, Page 3

lateral roads of the county, regardless
of precinct, should be improved or con-
structed, the cost of such improvement or
construction to be paid from the county
lateral road fund."

Apparently you have reference to money allocated
to your county from the Lateral Road Account, by the Board
of County and District Road Indebtedness. The Commissioners'
Court has exercised its option as to one of the specified
uses of said money as permitted by Article 6674q-7, Vernon's
Annotated Civil Statutes, namely, the construction of
lateral roads in said county. For the purposes of this
opinion, we must assume that the provisions of Article
6674q-7, supra, have been complied with relative to notice
to the Board, by the Commissioners' Court, showing the manner
in which the Court has exercised its option, etc.

When the Commissioners' Court has exercised its
option and determined that the money received from the Lateral
Road Account shall be used for the construction of lateral
roads in the county, the statute places no restriction or
limitation on the Commissioners' Court regarding the manner
in which such money is to be expended except "the same shall
be utilized by the county, acting through the Commissioners'
Court, for the construction of lateral roads." This being
true, we think the Commissioners' Court is authorized to
expend the above mentioned money for the construction of
lateral roads in the county, as the court may in its dis-
cretion determine.

It is our opinion that the Commissioners' Court of
the county acting in its official capacity can legally
divide the above mentioned money among the four commissioners'
precincts; provided, of course, that all of said money is
used for the construction of lateral roads in the various
precincts. It is our further opinion that it is wholly
within the discretion of the Commissioners' Court whether
or not the money is to be equally divided among the commis-
sioners' precincts. In short, we think that after the money
has been allocated to the county and the Commissioners' Court
has exercised its option, as provided by Article 6674q-7,
supra, to use said money for the purpose of constructing
lateral roads therein, the Commissioners' Court is legally
authorized to expend such money for the purpose above men-
tioned, namely, the construction of lateral roads, as said
court deems proper. In other words, the Commissioners' Court
can expend all of such money in one commissioner's precinct

Honorable Bill S. Watkins, Page 4

for the construction of lateral roads, if said court, within its discretion, determines that such action would be to the best interests of the county, or divide such money among the four commissioners' precincts and expend the same for the purpose of constructing lateral roads in all of said commissioners' precincts or any of them as the court deems best for the interest of the county.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED OCT 1, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:CO



APPROVED
OPINION
COMMITTEE